IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LUANN NICHILO**,

        Plaintiff,

vs.                                Hon.
                                      Case No. 19-

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**
a Connecticut corporation,

        Defendant.
_____/

**COMPLAINT**

Plaintiff, LUANN NICHILO, through her attorneys, ILANA S. WILENKIN and FELDHEIM & WILENKIN, P.C., complains against the above-named Defendant as follows:

**I.**        **Jurisdiction and Venue**

1) This Court's jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically, 29 U.S.C. §§ 1132(e)(1) and 1132(f), which provisions grant this Court the jurisdiction to hear civil actions to recover benefits due under the terms of an employee welfare benefit plan.

2) The subject welfare benefit plan consists of a group long-term disability insurance policy and life insurance policy with a waiver of premium due to total disability sponsored and administered by Yazaki North America, Inc. for the benefit of its employees, including Plaintiff ("Mrs. Nichilo"). The Yazaki North America, Inc. Disability Plan ("the Plan/Policy') is underwritten and administered by Defendant Hartford Life and Accident Insurance Company ("The Hartford").

3) 29 U.S.C. § 1133 provides a mechanism for the administrative or internal appeal of benefit denials. Mrs. Nichilo has either exhausted all of her appeals or has been denied access to a meaningful and/or full and fair pre-suit appellate review. This matter is ripe for juridical review.

4) Pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391, venue is proper in the Eastern District of Michigan.

## II. Nature of Action

5) This is a claim seeking disability income benefits and a waiver of life insurance premium pursuant to the Plan and is being brought pursuant to § 502(a)(1)(B) of ERISA - 29 U.S.C. § 1132(a)(1)(B).

## III. The Parties

6) Mrs. Nichilo is 60 years-of-age. She was, and continues to remain, a resident of Lincoln Park, Michigan.

7) The Plan is an employee benefit plan sponsored and administered by Yazaki North America, Inc. for the benefit of its employees. Upon information and belief, Hartford underwrites and administers the Plan. The Hartford is a Connecticut corporation, with its resident agent being The Corporation Company, 40600 Ann Arbor Rd., E., Suite 201, Plymouth, MI 48170-4675, (800) 592-9023.

8) During all relevant times, the Plan constituted an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), and, incidental to her employment, Mrs. Nichilo received coverage under the Plan as a "participant," as defined by 29 U.S.C. § 1002(7). This claim relates to benefits due under the above-described Plan.

### IV.     Factual Statement/Allegations

9)      Mrs. Nichilo is 60 years-of-age. She began working for Yazaki North America, Inc. on or about 5/28/02 as an Executive Assistant.

10)     Mrs. Nichilo has a long and well-established cardiac history that includes the following conditions and treatments:

- Cardiomyopathy
- Congestive heart failure
- Coronary artery disease
- History of myocardial infarction
- Pacemaker and defibrillator placement
- Hypertension
- Two cardiac catheterizations

11)     Mrs. Nichilo also has severe degenerative disc disease at L5-S1 with grade 2 spondylolisthesis, grade 2 on grade 3 anterolisthesis of L5 on S1 due to bilateral pars interarticularis defect, and she has undergone a partial left mastectomy. (Ex. 1 of 8/28/19 administrative appeal).

12)     Mrs. Nichilo suffered a recent bout of pneumonia and underwent an open reduction with internal fixation to treat a right fifth metatarsal fracture. *Id.*

13)     Mrs. Nichilo stopped working on 2/12/07 due to the above-described cardiac deficits. Subsequent to her last day of work, Mrs. Nichilo applied to Yazaki/ The Hartford to begin receiving short and long-term disability benefits, which were paid beginning approximately 2/20/07 through 4/15/19.

14)     The Hartford denied Mrs. Nichilo's claim as of 4/15/19 and offered the following rationale is support of its decision;

The definition of Disability in your contract changed as of 08/21/2009. As of this date, you must be disabled from Any Occupation to continue to receive LTD benefits.

When we investigated whether you could perform the duties of Any Occupation, we considered your prior education, training and experience. The information you provided to us shows that you have a High School education. You have worked as an executive assistant for 14 years.

A review of the Claimant Questionnaire signed by you on 05/03/2018 shows that you continue with stage 4 heart disease, congestive heart failure, shortness of breath, leg and abdominal swelling, fatigue, degenerative disk disease, bone loss, as well as stomach and esophagus issues. You reported that you are able to perform your Activities of Daily Living and that you treat with Dr. Blanzy and Dr. Mancini.

*   *   *

The medical information submitted by Dr. Mancini shows that your diagnoses include hypertension, hypercholesterolemia, congestive heart failure, coronary artery disease and ischemic cardiomyopathy. You complained of shortness of breath with exertion, fatigue and weakness in which you associate with depression. You reported being under a lot of mental stress. You were advised to continue medical therapy, refilled Lipitor and Entresto and an echocardiogram was ordered.

*   *   *

Upon completion of his review, and in conjunction with his discussion with Pt. Blanzy, Dr. Jaffe opined that, within a reasonable degree of clinical probability there is evidence in the medical records to support the diagnosis of coronary artery disease and chronic systolic congestive heart failure. Dr. Jaffe also opined there is evidence of functional impairment and thus supported the following restrictions and limitations at the present time:

- No restrictions with sitting
- Stand 30 minutes at a time for 4 hours per day
- Walk 50 feet every 15 minutes with rest breaks in between for a total of 30 minutes per hour for 4 hours per day

- Never walk a flight of stairs
- Occasionally lift, carry, push or pull less than 20 pounds and less than 10 pounds frequently.
- Never lift, carry, push or pull greater than 20 pounds
- Able to use hands on a frequent basis
- No restrictions with reaching

\*   \*   \*

Based on this information, we have concluded that you are not prevented from performing the essential duties of Any Occupation. Because of this, you will not meet the policy definition of Disability as of 04/15/2019 and your LTD benefits will terminate on that date. (4/5/19 claim denial).

15) Mrs. Nichilo appealed The Hartford's decision on 8/28/19, which included the following medical evidence:

### A.   Medical Evidence

16) Mrs. Nichilo treated with Dr. Blanzy on 10/31/18 for insomnia, obtain bone density results, and other general issues. As part of Dr. Blanzy's exam, he noted complaints of shortness of breath and back pain. Dr. Blanzy refilled Mrs. Nichilo's omeprazole and advised her to take vitamin D daily. He also recommended 30 minutes of exercise 4-5 days-a-week, consume lean meats and proteins, and avoid sugar and sugar substitutes. (Ex. 2 of 8/28/19 Administrative Appeal).

17) Mrs. Nichilo saw Dr. Blanzy on 2/6/19 and complained of the following:

> Patient complaining of increased fatigue and cold all the time. Said feeling cold before the cold weather started. Also body aches/joint aches . . . Patient has a history of CHF and sees Dr. Mancini. Patient also has a pacemaker. Patient also has a history of breast cancer in the left breast. Went through radiation treatments . . . [four years ago.] (Ex. 2 of 8/28/19 Administrative Appeal).

Fatigue is noted to be a chronic problem as well as a rash.  Mrs. Nichilo also complained of chronic low back pain and sciatica, due to grade 2 L5-S1 spondylolisthesis and grade 3 L5-S1 anterolisthesis.  Dr. Blanzy ordered lab work and a mammogram and directed Mrs. Nichilo to follow up with Dr. Mancini.

18)   Mrs. Nichilo returned to Dr. Blanzy on 3/14/19 complaining of a sore throat and cough.  He ordered lab work to evaluate for HIV and hepatitis C and advised Mrs. Nichilo to eat a healthful diet. (Ex. 2 of 8/28/19 Administrative Appeal).

19)   On 4/24/19, Mrs. Nichilo treated with Dr. Mancini to discuss permanent disability due to The Hartford's denial.  Dr. Mancini opined as follows:

Assessments & Treatment

1. Palpitations
Time was spent with patient discussing stress, whether physical or emotional and how palpitations and stress relate.  Discussed with patient that when they are under either type of stress, it is not uncommon for palpitations to occur and they are occurring to let patient know they are under stress.  The palpitations are the result of stress and determining what the stress is will help improve the palpitations.  Discussed different ways of coping with stress [and provided printed materials.]

2. Stress
Patient has been under a significant amount of stress due to her disability being taken away. Patient is advised to identify and better cope with her stress factors by utilizing a good support system. (Ex. 3 of 8/28/19 Administrative Appeal).

20)   On 5/29/18, Mrs. Nichilo treated with Dr. Mancini to discuss recent echocardiogram results and palpitations.  In relevant part, Dr. Mancini stated as follows:

6

> Palpitations: Echocardiogram results: LV wall is mildly increased. LV systolic function is mildly to moderately reduced. There is left ventricular aneurysm in the apical wall. The apex appears severely hypokinetic. The calculated LV EF is 40.4%. There is impaired left ventricular relaxation. Estimated left atrial pressure increased. There is mild aortic regurgitation.
>
> Congestive heart failure: Class III
>
> Shortness of breath: Class III
>
> Palpitations: Increased palpitations due to stress regarding her disability.
>
> CHF: Stable on Entresto. Having a daily job will put more stress on her heart and increase her risk of hospitalizations.
>
> Shortness of breath: Due to CHF and deconditioning. (Ex. 3 of 8/28/19 Administrative Appeal).

21) On 5/30/19, Mrs. Nichilo saw Dr. Blanzy for an annual exam. (Ex. 2 of 8/28/19 Administrative Appeal).

22) Also, on 5/30/19, Dr. Blanzy prepared a report on Mrs. Nichilo's behalf in support of her claim for long-term disability benefits. Specifically, Dr. Blanzy opined as follows:

> The purpose of this letter is to document significant chronic health conditions that impair activities of daily living for my patient Luann Nichilo. She has been treating with our office since 1987. She has been disabled since 2007.
>
> Mrs. Nichilo's health issues and their effect make her unable to perform more than simple activities. She has a history of coronary artery disease, heart failure, angina, and cardiomyopathy. She is succeeding in a CHF medical program. She has had few hospitalizations and her stress level continues to remain low which I feel is a reflection of her not working. Mrs. Nichilo is being managed by Dr. Mancini-Cardiologist as well for these conditions.

7

> It is in my medical opinion that it would not be in the best interest of my patient to return to work full duty or with restrictions and I feel that these health conditions render her unemployable. (Ex. 4 of 8/28/19 Administrative Appeal).

23) Mrs. Nichilo treated with Dr. Blanzy on 6/14/19 complaining of cough, wheezing, shortness of breath, congestion with fever and chills for the past five days. She also reported fatigue and angina. Dr. Blanzy diagnosed pneumonia of the right middle lobe due to an infectious organism and prescribed for a Z-pak, promethazine DM, and administered a celestone injection. (Ex. 2 of 8/28/19 Administrative Appeal).

24) On 6/20/19, Dr. Mancini prepared a detailed report supporting Mrs. Nichilo's total and permanent disability. Specifically, Dr. Mancini opined as follows:

> Mrs. Nichilo has been a patient of mine for many years. She has an extensive cardiac history including cardiomyopathy and congestive heart failure. Although her heart failure is well compensated at the present time excessive stress, emotional or physical, may deteriorate my patient's physical condition to become unstable. Mrs. Nichilo is able to maintain her current cardiac status due to low stress and minimal physical exertion. I do believe her physical exam status at rest and her success of no recent CHF hospitalization is a reflection of her not working and keeping her stress levels at a minimum. Any changes in the current plan, to increase her physical or emotional stress, such as working for the first time in over the past 10 years, would be a detriment to her current cardiac health and as a result may possess grave risks.
>
> It is in my professional opinion that Mrs. Nichilo is unable to maintain gainful employment due to her lack of functional capacity and inability to perform many simple work tasks. Mrs. Nichilo should avoid any unnecessary stressful situations, whether physical or emotional, as stress can produce more significant harmful results. Mrs. Nichilo must be able to recline, rest or sleep as often and as long as necessary to avoid possible cardiac complications. (Ex. 5 of 8/28/19 Administrative Appeal).

25) On 6/21/19, Mrs. Nichilo treated with Dr. Blanzy's office for wheezing and was prescribed albuterol. (Ex. 2 of 8/28/19 Administrative Appeal).

26) On 7/10/19, Mrs. Nichilo treated with Dr. Blanzy's staff for a rash on both arms and was prescribed Kenalog. (Ex. 2 of 8/28/19 Administrative Appeal).

27) Mrs. Nichilo saw Dr. Blanzy on 7/17/19 or spoke to him via phone. (Ex. 2 of 8/28/19 Administrative Appeal).

28) Mrs. Nichilo treated with Dr. Blanzy on 7/23/19 for a pneumonia follow-up appointment. She reported that her breathing and her cough had improved. She also indicated that she broke her 5th metatarsal and was scheduled to undergo an ORIF the following week. Dr. Blanzy refilled omeprazole and directed Mrs. Nichilo to return in four months. (Ex. 2 of 8/28/19 Administrative Appeal).

### B.     Appeal Decision

29) On 10/2/19, The Hartford again denied Mrs. Nichilo's claim/appeal:

> Following a complete review of the information in Ms. Nichilo's claim file, including the 09/23/2019 independent physician report, the opinions of her treating physicians, and her subjective complaints, we find that Ms. Nichilo does not meet the Policy definition of Disability as of 04/16/2019 as the weight of the medical information available for review doesn't support that her condition remains of such severity to require her to be medically precluded from performing the essential duties of a Sedentary physical demand occupation on a full-time basis beyond that date.

30) The Hartford's actions have now foreclosed all avenues of administrative appeal and this matter is ripe for judicial review.

31) Because valid, objective, and well-supported proofs establish Mrs. Nichilo's ongoing disability within the Plan's terms, Mrs. Nichilo is entitled to the

immediate payment of long-term disability benefits retroactive to approximately 4/15/19.

**WHEREFORE**, based upon the preceding reasons, Plaintiff prays for the following relief:

- A) That this Court enter judgment in Mrs. Nichilo's favor against Hartford and order the immediate payment of her disability income benefits retroactive to the date that benefits became due, 4/15/19, as well as honor Mrs. Nichilo's waiver of life insurance premium.

- B) That this Court order Hartford to pay Mrs. Nichilo prejudgment interest pursuant to *Horn v. McQueen*, 353 F. Supp. 2d 785 (2004) and post-judgment interest in accordance with M.C.L. § 600.6013 and 600.6455.

- C) That this Court award attorneys' fees pursuant to 29 U.S.C. § 1132(g).

- D) That Mrs. Nichilo recovers all relief to which she may be entitled, along with the costs of litigation.

Respectfully submitted:

**FELDHEIM & WILENKIN, P.C.**

By: s/Ilana S. Wilenkin
Ilana S. Wilenkin (P61710)
Plaintiff's attorney
30300 Northwestern Highway, Suite 108
Farmington Hills, MI 48334-3255
(248) 932-3505; fax (248) 932-1734
ilana@lawsmf.com

Dated: October 15, 2019